**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| KEENAN JOHNSON, | : |
| Petitioner, | : Civil Action No. 15-8774 (RMB) |
| v. | : **OPINION** |
| THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY And WARDEN SPAULDING, FCI-ALLENWOOD | : |
| Respondents. | : |

**BUMB, U.S. District Judge**

Petitioner filed this Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on December 21, 2015, seeking to challenge his September 11, 2000 judgment of conviction in the Camden County Superior Court of New Jersey. (Pet., ECF No. 1 at 1.) For the reasons discussed below, Petitioner's habeas petition will be dismissed for lack of jurisdiction.

I.   BACKGROUND

Petitioner has already served his sentence for the state court conviction he is challenging here, and is presently incarcerated on an unrelated federal case for a crime that occurred in 2012. (Mot. and Brief in Supp. of Habeas Corpus

Application #2254 Challenging Subject-Matter Jurisdiction Over Prior State Conviction ("Pet"r Brief") ECF No. 1-1 at 32.) Petitioner never appealed or otherwise challenged the state court conviction he now seeks to challenge. (Pet, ECF No. 1; Pet'r Brief at 32-33.) He asserts that he meets the "in custody requirement" of 28 U.S.C. § 2254 because his state court conviction creates collateral consequences by enhancing the penalties on his federal sentence. (Pet'r Brief at 32.)

II. DISCUSSION

A federal district court must review a habeas corpus petition, and dismiss the petition if it plainly appears that the petitioner is not entitled to relief. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

In Maleng v. Cook, the United States Supreme Court held:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he

2

> does not. While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.
> . . .
> When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

490 U.S. 488, 492-93 (1989); Young v. Vaughn, 83 F.3d 72, 76 (3d. Cir. 1996) (district court lacked jurisdiction over challenge to conviction where sentence for that conviction had fully expired at the time the petition was filed).

By Petitioner's own admission in his brief, and as it appears on the face of the petition, he has fully served the state sentence he seeks to challenge.[1] Therefore, this Court lacks jurisdiction under 28 U.S.C. § 2254, and the petition will be dismissed.

III. CERTIFICATE OF APPEALABIILITY

An appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

---

[1] Petitioner was sentenced in the New Jersey Superior Court Camden County on October 13, 2000, to a term of three years imprisonment with a two-year parole disqualifier. (Pet., ECF No. 1 at 1.) He was convicted on only one count of one crime. (Id.)

3

constitutional right." Id. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). No certificate of appealability will be issued because Petitioner has not met this standard.

IV.   CONCLUSION

    For the reasons described above, in the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction.

                                              s/Renée Marie Bumb
                                              **Renée Marie Bumb**
                                              **United States District Judge**